17-CI-00305 08/11/2017 Wendy Flanary, Harlan Circuit Clerk

21A75F95-9E79-49DB-A46F-32212725FA1A : 000001 of 000041

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000001 of 000021

COMMONWEALTH OF KENTUCKY
HARLAN CIRCUIT COURT
DIVISION NO. _____
CASE NO. _____

ADAM HOLBROOK                                                    PLAINTIFFS
     134 Albert Lane
     Harlan, KY 40831, USA

AND

BILL MARTIN
as Administrator of the
ESTATE OF JOSHUA HOLBROOK,
deceased
     P.O. Box 186
     Evarts, KY 40828, USA
V.

MAZDA MOTOR CORP                                                DEFENDANTS
     MAIL TO:
     Office of the Secretary of State
     Summons Branch
     700 Capital Ave., Ste. 86
     Frankfort, KY 40601, USA
     TO BE SERVED VIA REGISTERED MAIL:
     Masamichi Kogai, President & CEO
     3-1 Shichi, Fuchu-cho
     Aki-gun, Hiroshima
     730-8670 JAPAN
     AND
     TO BE SERVED VIA REGISTERED MAIL:
     Ministry of Foreign Affairs
     2-2-1 Kasumigaseki Chiyoda-ku
     Tokyo100-8919 JAPAN

AND

MAZDA MOTOR OF AMERICA, INC.
     Served Via Certified Mail
     CT Corporation System
     306 West Main Street, Suite 512
     Frankfort, KY 40601, USA

AND

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

ASHIMORI INDUSTRY COMPANY, LTD.
    MAIL TO:
    Office of the Secretary of State
    Summons Branch
    700 Capital Ave., Ste. 86
    Frankfort, KY 40601, USA
    TO BE SERVED VIA REGISTERED MAIL:
    Saburo Seno, President
    10-18 3-chome, Kitahorie
    Nishi-ku, Osaka
    550-0014 JAPAN
    AND
    TO BE SERVED VIA REGISTERED MAIL:
    Ministry of Foreign Affairs
    2-2-1 Kasumigaseki Chiyoda-ku
    Tokyo
    100-8919 JAPAN

AND

DAICEL CORPORATION
    MAIL TO:
    Office of the Secretary of State
    Summons Branch
    700 Capital Ave., Ste. 86
    Frankfort, KY 40601, USA
    TO BE SERVED VIA REGISTERED MAIL:
    Misao Fudaba, President & CEO
    Grand Front Osaka Tower-B
    3-1 Ofuka-cho
    Kita-ku, Osaka
    530-0011 JAPAN
    AND
    TO BE SERVED VIA REGISTERED MAIL:
    Ministry of Foreign Affairs
    2-2-1 Kasumigaseki Chiyoda-ku
    Tokyo
    100-8919 JAPAN

AND

DAICEL SAFETY SYSTEMS, INC.
    MAIL TO:
    Office of the Secretary of State
    Summons Branch

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

700 Capital Ave., Ste. 86
Frankfort, KY 40601, USA
TO BE SERVED VIA REGISTERED MAIL:
Misao Fudaba, President & CEO
Grand Front Osaka Tower-B
3-1 Ofuka-cho
Kita-ku, Osaka
530-0011 JAPAN
AND
TO BE SERVED VIA REGISTERED MAIL:
Ministry of Foreign Affairs
2-2-1 Kasumigaseki Chiyoda-ku
Tokyo
100-8919 JAPAN

AND

DAICEL SAFETY SYSTEMS AMERICA, LLC
Serve via Certified Mail
English, Lucas, Priest, & Owsley, LLP
ATTN: D. Gaines Penn
P.O. Box 770
1101 College Street
Bowling Green, KY 42102, USA

## PLAINTIFFS' COMPLAINT WITH JURY DEMAND

Come now the Plaintiffs, ADAM HOLBROOK and BILL MARTIN, as Administrator of the ESTATE OF JOSHUA HOLBROOK, by and through counsel, and for their complaint against the Defendants, MAZDA MOTOR CORP, MAZDA MOTOR OF AMERICA, INC., d/b/a. MAZDA NORTH AMERICAN OPERATIONS, INC., ASHIMORI INDUSTRY COMPANY, LTD., DAICEL CORPORATION, DAICEL SAFETY SYSTEMS, INC., and DAICEL SAFETY SYSTEMS AMERICA, LLC, (collectively, "Defendants") states as follows:

### PARTIES

1.      Plaintiff Bill Martin is the natural grandfather of the Joshua Holbrook, deceased.

He was appointed as Administrator of his grandson's estate.  The situs of the Estate of Joshua

Holbrook is in Harlan County.

2.      Plaintiff Adam Holbrook is a resident and citizen of Harlan, Harlan County,

Kentucky. He is the natural cousin of Joshua Holbrook, deceased.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

3.     Defendant Mazda Motor Corporation, a foreign corporation, is a Japanese multinational automaker with a place of business at 3-1 Shinchi, Fuchu-cho, Aki-gun, Hiroshima 730-8670, Japan, which engaged in conduct as described in KRS §454.210 and service of process upon this Defendant may be had pursuant to KRS §454.210, Ky. CR 4.04, Article 5(a) of the Hague Convention by serving the Ministry of Foreign Affairs at 2-2-1 Kasumigaseki Chiyoda-ku, Tokyo, 100-8919 Japan, or pursuant to Article 10(a) of The Hague Convention via certified mail at its place of business. Service by mail of Summons and Complaint accompanied with a translated copy complies with The Hague Convention. *Water Splash Inc. v. Menon*, 137 S. Ct. 1504 (U.S. 2017). Japan has not objected to Article 10(a).

4.     Defendant Mazda Motor Corp designed, manufactured, assembled, inspected, and/or tested the 2006 Mazda5 (VIN: JM1CR293660126268) and its components.

5.     Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations, Inc., is a foreign California corporation doing business in Kentucky and registered with the Kentucky Secretary of State with a principal place of business at 7755 Irvine Center Drive, Irvine CA 92618, and this Defendant has appointed the CT Corporation as its Registered Agent and service of process upon this Defendant may be had by serving its registered agent, CT Corporation System at 306 West Main Street, Suite 512, Frankfort, KY 40601.

6.     Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations, Inc. designed, manufactured, assembled, marketed, inspected, tested, placed into the stream of commerce and sold the 2006 Mazda5 (VIN: JM1CR293660126268) and its components.

7.     Upon information and belief, Defendant Ashimori Industry Company, Ltd., a foreign corporation, is a seatbelt and safety restraint system manufacturer with a place of business at 10-18, 3-chome, Kitahorie, Nishi-ku, Osaka 550-0014, Japan, which engaged in conduct as

WOLNITZEK, ROWEKAMP & DEMARCUS, P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

described in KRS §454.210 and service of process upon this Defendant may be had pursuant to KRS §454.210, Ky. CR 4.04, Article 5(a) of the Hague Convention by serving the Ministry of Foreign Affairs at 2-2-1 Kasumigaseki Chiyoda-ku, Tokyo, 100-8919 Japan, or pursuant to Article 10(a) of The Hague Convention via certified mail at its place of business. Service by mail of Summons and Complaint accompanied with a translated copy complies with The Hague Convention. *Water Splash Inc. v. Menon*, 137 S. Ct. 1504 (U.S. 2017). Japan has not objected to Article 10(a).

8.      Defendant Ashimori Industry Company, Ltd. designed, manufactured, assembled, inspected, and/or tested the seatbelt, seatback, and/or restraint system in the 2006 Mazda5 (VIN: JM1CR293660126268).

9.      Upon information and belief, Defendant Daicel Corporation, a foreign corporation, is an airbag and restraint system manufacturer with a place of business at Grand Front Osaka Tower-B, 3-1, Ofuka-cho, Kita-ku, Osaka, 530-0011 Japan, which engaged in conduct as described in KRS §454.210 and service of process upon this Defendant may be had pursuant to KRS §454.210, Ky. CR 4.04, Article 5(a) of the Hague Convention by serving the Ministry of Foreign Affairs at 2-2-1 Kasumigaseki Chiyoda-ku, Tokyo, 100-8919 Japan, or pursuant to Article 10(a) of The Hague Convention via certified mail at its place of business. Service by mail of Summons and Complaint accompanied with a translated copy complies with The Hague Convention. *Water Splash Inc. v. Menon*, 137 S. Ct. 1504 (U.S. 2017). Japan has not objected to Article 10(a).

10.     Upon information and belief Defendant Daicel Corporation designed, manufactured, assembled, inspected, and/or tested the airbag and restraint system in the 2006 Mazda5 (VIN: JM1CR293660126268).

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

Filed         17-CI-00305      08/11/2017         Wendy Flanary, Harlan Circuit Clerk

11. Upon information and belief, Defendant Daicel Safety Systems, Inc., a foreign corporation, is an airbag and restraint system manufacturer with a place of business at 805 Umaba, Ibogawa-cho, Tatsuno-shi, Hyogo 671-1681 Japan, which engaged in conduct as described in KRS §454.210 and service of process upon this Defendant may be had pursuant to KRS §454.210, Ky. CR 4.04, or Article 5(a) of the Hague Convention by serving the Ministry of Foreign Affairs at 2-2-1 Kasumigaseki Chiyoda-ku, Tokyo, 100-8919 Japan, or pursuant to Article 10(a) of The Hague Convention via certified mail at Daicel Corporation group headquarters at Grand Front Osaka Tower-B, 3-1, Ofuka-cho, Kita-ku, Osaka, 530-0011 Japan. Service by mail of Summons and Complaint accompanied with a translated copy does comply with The Hague Convention. *Water Splash Inc. v. Menon*, 137 S. Ct. 1504 (U.S. 2017). Japan has not objected to Article 10(a).

12. Upon information and belief Defendant Daicel Safety Systems, Inc. designed, manufactured, assembled, inspected, and/or tested the airbag and restraint system in the 2006 Mazda5 (VIN: JM1CR293660126268).

13. Defendant Daicel Safety Systems America, LLC. is a Kentucky limited liability company who manufactures airbag and restraints systems with a principal place of business at 720 Old Liberty Church Road, Beaver Dam, KY 42320, this Defendant has appointed English, Lucas, Priest & Owsley, LLP, as its Registered Agent and service of process upon this Defendant may be had by serving its registered agent, English, Lucas, Priest & Owsley, LLP, at P.O. Box 770, 1101 College Street, Bowling Green, KY 42102.

14. Upon information and belief Defendant Daicel Safety Systems America, LLC designed, manufactured, assembled, inspected, and/or tested the airbag and restraint system in the 2006 Mazda5 (VIN: JM1CR293660126268).

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

21A75F95-9E79-49DB-A46F-32212725FA1A : 000006 of 000041

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000006 of 000021

## JURISDICTION AND VENUE

15.     This Court has personal jurisdiction over Defendants. Defendants conduct business and have committed tortious acts and/or have induced acts by others in Harlan County and/or have contributed to tortious acts by others in Harlan County, the Commonwealth of Kentucky, and elsewhere in the United States.

16.     Venue is proper for Plaintiff Bill Martin as Administrator for the Estate of Joshua Holbrook pursuant to KRS 452.415. Bill Martin was appointed Administrator by the Harlan County District Probate Court in Harlan, Kentucky on January 27, 2017.

17.     Venue is proper because the Defendants are subject to personal jurisdiction in Harlan County and have regularly conducted and/or directed business in Harlan County, and a portion of or all of the acts complained of herein occurred in Harlan County.

## BACKGROUND

18.     On August 16, 2016, Joshua Holbrook ("Josh") was operating his 2006 Mazda5 (VIN: JM1CR293660126268) and Adam Holbrook, his cousin, was the right front seat passenger. Specifically, they were travelling to work southbound on Federal Highway US 119 near mile marker 1.227 in Harlan County, Kentucky at approximately 3:00 p.m. The vehicle collided head-on with a rock incline wall.

19.     The speed of the collision is estimated to be between 53-63 miles per hour. This impact caused the vehicle to rotate while traveling an additional 50-100 feet until coming to its final rest. Both the driver and front right passenger doors were damaged including the hood and windshield. Additionally, the engine had become dislodged and came to rest outside the vehicle.

20.     At the time of the accident, Josh was adequately and properly wearing his safety belt. Adam was also adequately and properly wearing his safety belt while seated in a reclined

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

position. Josh's restraint system failed allowing his head and torso to have a significant impact with the steering wheel, even distorting the steering wheel. Adam slid out beneath his shoulder restraint, extended over the lap portion of his restraint, and hit the dashboard with his feet and/or knees. Adam's airbag did not deploy.

21.    Despite adequately and properly using the restraint systems, both Josh and Adam sustained severe injuries when the Mazda5 vehicle failed to protect them.

22.    Josh died as a result of the motor vehicle accident.

23.    The survival space of the Mazda5 was maintained.

24.    The impact to the Mazda5 was not of a sufficient magnitude to have produced any serious injury to a belted driver or a belted right front passenger with an adequately configured and functioning restraint system, since the survival space was maintained. Neither main unibody rail was significantly crushed.

## CAUSES OF ACTION
## FACTS COMMON TO ALL COUNTS

25.    The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

26.    Defendants designed, manufactured, assembled, inspected, and/or tested the vehicle and its components.

27.    Defendants placed the 2006 Mazda5 and its components into the stream of commerce. They did so knowing the vehicle would be purchased by members of the general public without inspection for defects.

28.    Defendants were engaged in the business of designing, manufacturing, assembling, inspecting and/or testing vehicles and components outside the Commonwealth of Kentucky, but with the intent that they be sold, distributed and/or utilized within the Commonwealth of Kentucky.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

21A7F95-9E79-49DB-A46F-32212725FA1A : 000008 of 000041

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000008 of 000021

29.    Defendants adopted a design process, a manufacturing process, and a quality assurance process for the Mazda5 and its components which was not common, usual, customary, prudent, or in accordance with the established industry standards relating to the manufacturer of similar motor vehicles of a similar, intended, and/or foreseeable function.

30.    The Mazda5 was designed, manufactured, and assessed without consideration to safety, stability, and integrity of the seatback, seatbelt, air bag, and restraint system during intended and/or foreseeable conditions and/or in an intended and/or reasonably foreseeable manner.

31.    Defendants failed to perform adequate testing and/or inspection to determine the circumstances under which the Mazda5's safety, stability, and integrity during intended and/or foreseeable conditions and/or in an intended and/or reasonably foreseeable manner would be effected.

32.    It was entirely foreseeable to and well-known by the Defendants that accidents and incidents involving their vehicles and similar vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

33.    The injuries and damages complained of herein occurred because the vehicle and its components were not reasonably crashworthy, and were not reasonably fit for unintended, but clearly foreseeable, accidents or collisions. The vehicle and its components were unreasonably dangerous in the event they should be involved in an incident because the vehicle's seatbelt and restraint system failed to adequately restrain its occupants.

34.    Defendants designed, manufactured, marketed, assembled, and/or tested the subject vehicle and its components to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the vehicle and its components were

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

Filed          17-CI-00305     08/11/2017          Wendy Flanary, Harlan Circuit Clerk

unreasonably dangerous as designed, manufactured, assembled, and/or tested because Defendants knew of the following defects:

a.  the vehicle had a seat recline feature that renders the seatbelt ineffective;
b.  the seat recline feature is an inherent danger while the vehicle is in motion;
c.  the seat recliner violates principles of crashworthiness;
d.  the seat recliner violates the purpose of a restraint system;
e.  the seat recline feature fails to allow the restraint system to provide adequate restraint; and/or
f.  the vehicle violates principles of crashworthiness.

35.    Defendants owed a duty to Josh and Adam and other persons similarly situated to use reasonable care in designing, manufacturing, assembling, inspecting, testing, warning, and maintaining the vehicle and in the testing and inspecting any component parts so that the vehicle could be safely used in a manner and for a purpose for which it was made.

36.    Defendants owed a duty to the general public, including Josh and Adam, to design, manufacture, and distribute vehicles that were not defective and unreasonably dangerous for use.

37.    Defendants breached these duties by distributing the vehicle into the stream of commerce in a defective or unreasonably dangerous condition.

## COUNT I
## STRICT LIABILITY – MANUFACTURING DEFECTS

38.    The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

39.    At the time the vehicle and its components were manufactured and placed into the stream of commerce by the Defendants, it contained manufacturing defects which were unreasonably dangerous and hazardous to persons such as Josh and Adam who were the intended and/or foreseeable users, because the vehicle and its components were likely to experience seatback, seatbelt, air bag, and restraint system failures.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

40.     As a result of the manufacturing failures, the Mazda5 failed to perform as safely as an ordinary consumer would expect when involved in a reasonably foreseeable collision or accident under similar circumstances and/or of a similar nature.

41.     The manufacturing defects in the Mazda5 were the direct and proximate cause of the injuries to Adam and the fatal injuries to Josh.

42.     As a result of the manufacturing defects permitted or implemented by the Defendants, Adam Holbrook and the Estate of Joshua Holbrook suffered damages in excess of the jurisdictional minimum of this Court.

## COUNT II
## STRICT LIABILITY – DESIGN DEFECTS

43.     The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

44.     At the time the Mazda5 and its components were designed and placed into the stream of commerce by the Defendants, it contained design defects which were unreasonably dangerous to persons such as Josh and Adam, who were the intended and/or reasonably foreseeable users.

45.     As a result of the design defects, the Mazda5 and its components failed to perform as safely as an ordinary consumer would expect when involved in a reasonably foreseeable collision or accident under similar circumstances and/or of a similar nature.

46.     The risk of danger inherent in the design of the vehicle and its components outweighed the benefits of the design.

47.     The design defects of the Mazda5 were the direct and proximate cause of the injuries to Adam and of the fatal injuries to Josh.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

48.     As a result of the design defects permitted or implemented by the Defendants, Adam Holbrook and the Estate of Joshua Holbrook suffered damages in excess of the jurisdictional minimum of this Court.

<u>**COUNT III**</u>
**STRICT LIABILITY – DEFECTIVE WARNING**

49.     The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

50.     The use of the seat recline feature, seatbelt, and restraint systems were reasonably foreseeable by the Defendants which involved substantial risk of seatback, seatbelt, air bag, and restraint system failure that would not be readily recognized by an ordinary user or passenger of the vehicle.

51.     At the time the Mazda5 and its components were designed, manufactured, assembled, inspected, tested and/or placed into the stream of commerce by the Defendants, the Mazda5 lacked and/or contained defective warnings which rendered the vehicle unreasonably dangerous to persons such as Josh and Adam, who were the intended and/or reasonably foreseeable users.

52.     These dangers were known or should have been known by the Defendants in light of generally recognized and prevailing standards available at the time of the design, warning development, manufacturing, assembly, inspection, and/or testing of the vehicle and its components.

53.     Defendants failed to provide adequate warning labels or electronic signaling or mechanical safeguards or other safety mechanisms to put Josh and Adam on notice of the substantial dangers and hazards that would not be readily recognized by an ordinary user or passenger of the vehicle.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

21A75F95-9E79-49DB-A46F-32212725FA1A : 000012 of 000041

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000012 of 000021

54. As a result of the Defendants' failure, the vehicle and its components, including the warning labels and other warning systems of the vehicle, failed to perform as safely as an ordinary consumer would expect when involved in a reasonably foreseeable collision or accident under similar circumstances and/or of a similar nature.

55. The risk of danger inherent in the lack of effective warnings on or with the Mazda5 outweighed the benefits of the warnings, design, and use of the vehicle as prescribed.

56. As a result of the Defendants' failure, Josh and Adam could not alter their behavior to afford themselves adequate protection and safety measures. Josh and Adam exercised reasonable care with respect to their own safety by wearing their safety belts.

57. The lack of and/or defective warnings on or with the Mazda5 was a direct and proximate cause of the injuries Adam and of the fatal injuries to Josh.

58. As a result of the defective warnings systems permitted or implemented by the Defendants, Adam Holbrook and the Estate of Joshua Holbrook suffered damages in excess of the jurisdictional minimum of this Court.

## COUNT IV
## NEGLIGENCE – MANUFACTURING

59. The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

60. Defendants owed a duty to Josh and Adam and other persons similarly situated to use reasonable care in designing, manufacturing, assembling, inspecting, and/or testing the Mazda5 and its components so that the vehicle would be safe in a manner and purpose for which it was made.

61. Defendants breached their duties by designing, manufacturing, assembling, inspecting, and/or testing the Mazda5 and its components in such a negligent manner that it was likely to experience seatback, seatbelt, airbag, and restraint system failures.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

62.     The negligent manufacturing of the Mazda5 and its component parts were a direct and proximate cause of the injuries to Adam and of the fatal injuries to Josh.

63.     As a result of the negligent manufacturing of the Defendants, Adam Holbrook and the Estate of Joshua Holbrook suffered damages in excess of the jurisdictional minimum of this Court.

## COUNT V
## NEGLIGENCE – DESIGN

64.     The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

65.     Defendants owed a duty to the Plaintiff and other persons similarly situated to use reasonable care in designing, manufacturing, assembling, inspecting, and/or testing the Mazda5 and its components so that the vehicle would be safe in a manner and purpose for which it was made.

66.     Defendants breached their duties by designing, manufacturing, assembling, inspecting, and/or testing the Mazda5 in such a negligent manner that it was likely to experience seatback, seatbelt, airbag, and restraint system failures.

67.     The negligent design of the Mazda5 and its component parts were a direct and proximate cause of the injuries to Adam and of the fatal injuries to Josh.

68.     As a result of the negligent design of the Defendants, Adam Holbrook and the Estate of Joshua Holbrook suffered damages in excess of the jurisdictional minimum of this Court.

## COUNT VI
## NEGLIGENCE – WARNINGS

69.     The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

70.     The use of the seat recline feature, seatbelt, and restraint systems were reasonably foreseeable by the Defendants which involved substantial risk of seatback, seatbelt, air bag, and restraint system failure that would not be readily recognized by an ordinary user or passenger of the vehicle.

71.     Defendants knew or should have known of these dangers in light of the generally recognized and prevailing standards available at the time of the design, manufacture, assembly, inspection and testing of the Mazda5 and its components.

72.     Defendants owed a duty to Josh and Adam and other persons similarly situated to provide adequate warning to intended and foreseeable users such as Josh and Adam, on how to use, recognize, and appreciate the dangers inherent with the Mazda5 and its components.

73.     Defendants breached their duties by failing to provide adequate warnings of the dangers associated with the Mazda5 and its components.

74.     The lack of and/or negligent warnings on or with the Mazda5 and its component parts were a direct and proximate cause of the injuries to Adam and of the fatal injuries to Josh.

75.     As a result of the lack of and/or negligent warnings of the Defendants, Adam Holbrook and the Estate of Joshua Holbrook suffered damages in excess of the jurisdictional minimum of this Court.

<u>**COUNT VII**</u>
**BREACH OF IMPLIED WARRANY**
**OF MERCHANTABILITY**

76.     The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

77.     Defendants impliedly warranted to Plaintiffs and the general public that the vehicle left the place of manufacture in a merchantable condition and free from defects.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

78.     Defendants impliedly warranted to Plaintiffs and the general public that its vehicle and safety mechanisms, which they supplied, was fit for the ordinary purposes for which such vehicles are used. In reliance thereon, Josh and Adam occupied the said vehicle and were injured.

79.     Defendants breached the implied warranties of merchantability, in that:

a.      the said vehicle was not in merchantable condition when sold, rented or leased; and

b.      the said vehicle, and all others like it, was not free from defects.

80.     Additionally, the vehicle was in a condition which rendered it unfit for the ordinary purposes for which such vehicles are used because of a lack of some adequate necessity, including proper design, manufacture, assembly, inspection, testing, warnings and restraint systems.

81.     In reliance thereon, Josh and Adam occupied the said vehicle and were injured.

82.     As a result of the Defendants' breaches of the implied warranties of merchantability, Adam Holbrook and the Estate of Joshua Holbrook suffered damages in excess of the jurisdictional minimum of this Court.

**COUNT VIII**
**BREACH OF IMPLIED WARRANY**
**OF FITNESS FOR A PARTICULAR PURPOSE**

83.     The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

84.     Defendants breached implied warranties of fitness for a particular purpose, in that:

a.      Defendants knew or had reason to know the particular purpose for which their product was required;

b.      Defendants had reason to know that the buyer of their vehicle was relying on the skill and judgment of Defendants to select or furnish a suitable product; and

c.      The product supplied by the Defendants was unfit for the particular purpose intended.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

Filed 17-CI-00305 08/11/2017 Wendy Flanary, Harlan Circuit Clerk

85.     Additionally, the vehicle was in a condition which rendered it unfit for the particular purposes for which such vehicles are used because of a lack of some adequate necessity, including proper design, manufacture, assembly, inspection, testing, warnings and restraint systems.

### COUNT IX
### PERSONAL INJURY & WRONGFUL DEATH

86.     The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

87.     Defendants owed a duty to Josh and other persons similarly situated to use reasonable care in designing, manufacturing, assembling, inspecting, and/or testing the Mazda5 and its components so that the vehicle would be safe in a manner and purpose for which it was made.

88.     Additionally, Defendants owed a duty to Josh and other persons similarly situated to provide adequate warnings to intended and foreseeable users such as Josh and Adam, on how to use, recognize, and appreciate the dangers inherent with the Mazda5 and its components.

89.     Defendants knew or should have known of these dangers in light of the generally recognized and prevailing standards available at the time of the design, manufacture, assembly, inspection and testing of the Mazda5 and its components.

90.     Defendants breached their duties by designing, manufacturing, assembling, inspecting, and/or testing the Mazda5 and its components in such a negligent manner that it was likely to experience seatback, seatbelt, airbag, and restraint system failures.

91.     Defendants further breached their duties by failing to provide adequate warnings of the dangers associated with the Mazda5 and its components.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

21A7SF95-9E79-49DB-A46F-32212725FA1A : 000017 of 000041

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000017 of 000021

92.     The negligent design, manufacturing, and assembly of the Mazda5 and its components were a direct and proximate cause of Josh's injuries which resulted in death. The Defendants are liable for all damages suffered by Josh as a result of his personal injuries and liable for the wrongful death of Josh, deceased, pursuant to KRS 411.133.

93.     The negligent design, manufacturing, and assembly of the Mazda5 and its components were a direct and proximate cause of Adam's injuries which resulted in death. The Defendants are liable for all damages suffered by Adam as a result of his personal injuries.

94.     Defendants' negligence and breaches of the Products Liability Act, implied warranties of merchantability, and fitness for a particular purpose were the direct and proximate cause of Josh and Adam's damages and injuries.

### COUNT X
### PUNITIVE DAMAGES

95.     The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

96.     Defendants' conduct as described in the foregoing Counts is egregious, outrageous and shocks the conscience.

97.     Defendants were well aware of the following defects to the subject vehicle:

a.     the vehicle had a seat recline feature that renders the seatbelt ineffective;
b.     the seat recline feature is an inherent danger while the vehicle is in motion;
c.     the seat recliner violates principles of crashworthiness;
d.     the seat recliner violates the purpose of a restraint system;
e.     the seat recline feature fails to allow the restraint system to provide adequate restraint; and/or
f.     the vehicle violates principles of crashworthiness.

98.     Despite the Defendants being well aware of the aforementioned defects of the subject vehicle, the Defendants placed the subject vehicle into the stream of commerce for the purposes of self-gain and profit.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

21A75F95-9E79-49DB-A46F-32212725FA1A : 000018 of 000041

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000018 of 000021

99.     The Defendants disregarded the dangers of personal injury and death to the occupants and operators of the subject vehicle, or in the alternative, calculated the risks to persons to be risks which were worth assuming in exchange for the profits which would be realized from the cost and expense savings associated with failing to address the aforementioned defects in the subject vehicle.

100.    Defendants are strictly liable for the damages to the Plaintiffs and therefore the Plaintiffs are entitled to punitive damages from the Defendants.

101.    Defendants' acts of disregarding the aforementioned defects and/or calculating the risks to persons to be risks which were worth assuming in exchange for the profits are acts which are egregious, outrageous and shock the conscience, and therefore Plaintiffs are fully entitled to punitive damages from the Defendants.

## DAMAGES

102.    The Plaintiffs reiterate and incorporate by reference the foregoing allegations.

103.    As a result of the acts and/or omissions of Defendants, Plaintiff Josh suffered severe injuries, physical and emotional pain, torment, suffering, mental anguish, and/or emotional distress prior to his death, and these injuries survive his death through Josh's estate.

104.    As a result of the acts and/or omissions of Defendants, Plaintiff Adam suffered severe injuries, physical and emotional pain, torment, suffering, mental anguish, and/or emotional distress. Adam underwent major spinal surgery and continues to recover from his debilitating injuries. He will continue to suffer from all of the above in the future, including future medical expenses and future maintenance costs.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

105.    As a result of the acts and/or omissions of Defendants, the Estate of Joshua Holbrook has become obligated to pay or has been devalued by the payment of reasonable and necessary medical, funeral, and burial expenses as a result of the fatal injuries to Josh.

106.    As a result of the acts and/or omissions of Defendants, Adam Holbrook has become obligated to pay reasonable and necessary medical expenses as a result of his injuries.

107.    The above and foregoing acts and/or omissions of Defendants, resulting in the injuries and damages complained of herein, have caused actual damages to Plaintiffs.

108.    Judgment against Defendants in favor of Plaintiffs in an amount in excess of the jurisdictional limits of this Court, said amount to be that which is determined as being fair and reasonable by all the evidence, for the following elements of damages:

(a) Past mental and physical pain, suffering and inconvenience;

(b) Future mental and physical pain, suffering and inconvenience;
(c) Permanent impairment of his ability to labor and earn income and money;
(d)    Lost wages;

(e)    Punitive Damages
(f)    Future medical expenses and past medical expenses;
(g)    Post-judgment interest;

(h)    Funeral and Burial Expenses for Joshua Holbrook.

## PRAYER

For the reasons presented herein, Plaintiffs pray that the Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against Defendants for:

a.    actual damages;
b.    prejudgment and post-judgment interest beginning August 16, 2016;
c.    attorneys' fees;
d.    costs of suit;
e.    punitive damages; and
f.    all other relief the Court deems appropriate.

Plaintiffs further demand a jury to try all issues which are triable by jury.

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

21A75F95-9E79-49DB-A46F-32212725FA1A : 000020 of 000041

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000020 of 000021

Filed            17-CI-00305      08/11/2017         Wendy Flanary, Harlan Circuit Clerk

Respectfully Submitted,

 */s/ Matthew B. DeMarcus*
MATTHEW B. DEMARCUS (#89814)
WOLNITZEK, ROWEKAMP & DEMARCUS, P.S.C.
502 Greenup Street
Covington, KY  41011
U.S.A.
(859) 491-4444 (phone)
(859) 491-1001 (fax)
E-Mail:  mdemarcus@wrdattorneys.com
Counsel for Plaintiffs

WOLNITZEK,
ROWEKAMP &
DEMARCUS,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

21A75F95-9E79-49DB-A46F-32212725FA1A : 000021 of 000041

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000021 of 000021

ケンタッキーの
ハーラン巡回裁判所
部門番号 _ _ _
ケース _ _ _ いいえ

アダム ホルブルック原告
134 アルバート ・ レーン
40831 ケンタッキー州ハーラン

そして

ビル ・ マーティン
管理者として、
ジョシュアの不動産ホルブルック、
故人
私書箱 186
40828 アメリカ ケンタッキー エヴァーツ
V。

マツダ自動車 (株) 被告
　　　　メールの宛先。
　　　　国務長官のオフィス
　　　　支店が召喚され、
　　　　700 首都アベニュー セント 86
　　　　40601 ケンタッキー州フランクフォート
　　　　登録メールを介して提供されます。
　　　　代表取締役社長正道烈
　　　　3-1 志知、府中町
　　　　広島県安芸郡
　　　　730-8670 日本
　　　　そして
　　　　登録メールを介して提供されます。
　　　　外務省
　　　　2-2-1 千代田区霞が関
　　　　日本 Tokyo100-8919
そして

アメリカ、株式会社のマツダ
　　　配達証明郵便にて提供しています
　　　株式会社 CT システム
　　　306 西メイン ・ ストリート、スイート 512
　　　40601 ケンタッキー州フランクフォート

そして

芦森工業株式会社
　　　メールの宛先。
　　　国務長官のオフィス
　　　支店が召喚され、
　　　700 首都アベニュー セント 86
40601 ケンタッキー州フランクフォート
　　　登録メールを介して提供されます。
　　　代表取締役社長妹尾三郎
　　　北堀江 3 丁目 10-18
　　　大阪市西区
　　　550-0014 日本
　　　そして
　　　登録メールを介して提供されます。
　　　外務省
　　　2-2-1 千代田区霞が関
　　　東京
　　　100-8919 日本

そして

株式会社ダイセル
　　　メールの宛先。
　　　国務長官のオフィス
　　　支店が召喚され、
　　　700 首都アベニュー セント 86
40601 ケンタッキー州フランクフォート
登録メールを介して提供されます。
代表取締役社長札場操

Presiding Judge: HON. KENT HENDRICKSON (626341) 21A75F95-9E79-49DB-A46F-32212725FA1A : 000023 of 000041

COM : 000002 of 000020

グラン フロント大阪タワー B
大深町 3-1
大阪市北区
530-0011 日本
そして
　　　　登録メールを介して提供されます。
　　　　外務省
　　　　2-2-1 千代田区霞が関
　　　　東京
　　　　100-8919 日本

そして

ダイセル ・ セイフティ ・ システムズ株式会社
　　　　メールの宛先。
　　　　国務長官のオフィス
　　　　支店が召喚され、
　　　　700 首都アベニュー セント 86
40601 ケンタッキー州フランクフォート
登録メールを介して提供されます。
代表取締役社長札場操
グラン フロント大阪タワー B
大深町 3-1
大阪市北区
530-0011 日本
そして
　　　　登録メールを介して提供されます。
　　　　外務省
　　　　2-2-1 千代田区霞が関
　　　　東京
100-8919 日本

そして

ダイセル安全システム アメリカ、LLC
配達証明郵便にて提供します。
英語・ ルーカス ・司祭、 法律事務所

21A7F95-9E79-49DB-A46F-32212725FA1A : 000024 of 000041

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000003 of 000020

担当: d. ゲインズ ペン
私書箱 770
1101 カレッジ ストリート
ボウリング グリーン、ケンタッキー 42102、アメリカ合衆国

## 原告らの訴状審査員需要

(総称して原告、アダム ホルブルックと、不動産のジョシュア ホルブルックと弁護士を通じてとに対して、被告、マツダ自動車 (株)、マツダ モーターのアメリカ社、d/b/a. マツダ北米オペレーション株式会社、芦森工業株式会社、株式会社ダイセル、ダイセル・セイフティ・システムズ、株式会社、ダイセル安全システム アメリカ、LLC は、彼らの不平の管理者として、ビル・マーティンをさあ、「被告」) 状態は次のように。

## 当事者

1. ビルマーティン原告が死亡したジョシュア ホルブルックの自然の祖父。彼は彼の孫の財産の管理者として任命されました。ジョシュア ホルブルックの不動産の内臓は、ハーラン郡にあります。

2. 原告アダム ホルブルックは、居住者とハーラン、ハーラン郡、ケンタッキーの市民。彼はジョシュア ホルブルック、故人の自然のいとこです。

3. 被告マツダ自動車株式会社、外国法人は KRS §454.210 で説明されているように、行うし、デン・ハーグの KRS §454.210、ケンタッキー州 CR 4.04 条 5 (a) の規定によりこの被告にプロセスのサービスをしたことがありますに従事広島 730-8670、安芸郡府中町新地 3-1 に事業所を持つ日本の多国籍自動車メーカー 2-2 - 1 外務省を提供することによって大会千代田区霞が関、東京、100-8919 日本、又は事業所で認定メール ハーグ条約の記事 10(a)。召喚と翻訳されたコピーに伴う苦情のメールによるサービスは、ハーグ条約に準拠しています。*メノン(動) 水スプラッシュ株式会社*, 137 s. Ct. 1504 (米国 2017)。日本にはない記事 10(a) に反対しました。

Filed          17-CI-00305          08/11/2017          Wendy Flanary, Harlan Circuit Clerk

4.被告マツダ自動車 (株) の設計、製造、組み立て、検査、または 2006 Mazda5 をテスト (VIN: JM1CR293660126268) およびそのコンポーネント。

5.のアメリカ株式会社 d/b/マツダ北米オペレーション株式会社、被告マツダ モーターは、ケンタッキー州のビジネスとでケンタッキーの国務 7755 アーバイン センター ドライブ、アーバイン CA 92618、ビジネスの主な場所で登録されている法人のカリフォルニア、この被告がその登録エージェントとして CT 株式会社を任命し、この被告にプロセスのサービスは、登録エージェントを提供していた可能性があります、306 西メイン ・ ストリート、スイート 512、フランクフォート, ケンタッキー 40601 CT コーポレーション システム。

6.被告マツダ モーターのアメリカ株式会社 d/b/マツダ北米オペレーション株式会社設計、製造、組み立て、販売、検査、テスト、商取引のストリームに置か、2006 Mazda5 を販売 (VIN: JM1CR293660126268) およびそのコンポーネント。

7.時情報と信念、被告芦森工業株式会社、外国法人は 10-18、3 丁目に事業所を持つシートベルトと安全拘束システム メーカー、KRS §454.210 とこの被告にプロセスのサービスに記載した行為に従事している大阪 550-0014、西区北堀江は、KRS §454.210、ケンタッキー州 CR 4.04 規定したことがあります、5(a) にハーグ条約の記事 2-2 - 1 外務省を提供 100-8919 〒 東京都千代田区霞が関又は事業所で認定メール ハーグ条約の記事 10(a)。召喚と翻訳されたコピーに伴う苦情のメールによるサービスは、ハーグ条約に準拠しています。メノン(動) 水スプラッシュ株式会社, 137 s. Ct. 1504 (米国 2017)。日本にはない記事 10(a) に反対しました。

8.被告芦森工業株式会社の設計、製造、組み立て、検査、または 2006 Mazda5 でシートベルト、シートバック、および/または拘束システムをテスト (VIN: JM1CR293660126268)。時情報と信念、被告株式会社ダイセル、外国法人は KRS §454.210 で説明されているように、行うし、デン ・ ハーグの

KRS §454.210、ケンタッキー州 CR 4.04 条 5 (a) の規定によりこの被告にプロセスのサービスをしたことがありますに従事 530-0011 日本、大阪北区大深町 3-1 グラン フロント大阪タワー B 事業所でのエアバッグと拘束システム メーカー 2-2 - 1 外務省を提供することによって大会千代田区霞が関、東京、100-8919 日本、又は事業所で認定メール ハーグ条約の記事 10(a)。召喚と翻訳されたコピーに伴う苦情のメールによるサービスは、ハーグ条約に準拠しています。メノン*(動) 水スプラッシュ株式会社*, 137 s. Ct. 1504 (米国 2017)。日本にはない記事 10(a) に反対しました。

9.時情報と信念被告株式会社ダイセルの設計、製造、組み立て、検査、または 2006 Mazda5 でエアバッグと拘束システムをテスト (VIN: JM1CR293660126268)。

10.時情報と信念、被告ダイセル安全システム株式会社、外国法人はエアバッグと行為に従事 671-1681 〒 兵庫県たつの市揖保川町馬場 805 に事業所を持つ拘束システム メーカー KRS §454.210 とこの被告にプロセスのサービスの説明に従ってが KRS §454.210、ケンタッキー州 CR 4.04 ハーグ条 5 (a) 又は 2-2 - 1 外務省を提供することによって大会千代田区霞が関、東京、100-8919 日本、株式会社ダイセルに配達証明郵便にてハーグ条約の記事 10(a) に基づきグループ本社 3-1 グラン フロント大阪タワー B で大深町大阪市北区 530-0011 日本か。召喚と翻訳されたコピーに伴う苦情のメールによるサービスは、ハーグ条約に準拠します。メノン*(動) 水スプラッシュ株式会社*, 137 s. Ct. 1504 (米国 2017)。日本にはない記事 10(a) に反対しました。

11時情報と信念被告・ ダイセル ・ セイフティ ・ システムズ、株式会社設計、製造、組み立て、検査、および 2006 Mazda5 でエアバッグと拘束システムをテスト (VIN: JM1CR293660126268)。

12.被告ダイセル安全システム アメリカ、LLC。ケンタッキー州の有限責任会社は、720 旧自由教会道、ビーバーのダム、ケンタッキー 42320 にビジネスの主な場所、この被告が就任英語・ ルーカス ・司祭 Owsley、LLP、こ

21A75F95-9E79-49DB-A46F-32212725FA1A : 000027 of 000041

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000006 of 000020

の被告にプロセスのサービス、登録エージェントは、登録エージェント、英語・ルーカス・司祭、私書箱の 770 で法律事務所を提供することによってしたことがあります、1101 大学通り、ボーリング グリーン、ケンタッキー 42102。

13時情報と信念被告株式会社ダイセルに設計、製造、組み立て、検査、またはエアバッグと拘束システム 2006 Mazda5 をテスト (VIN: JM1CR293660126268)。

14.時情報と信念、被告はダイセル アメリカ安全システム、LLC は、720 旧自由教会道、ビーバーのダム、ケンタッキー 42320、ビジネスの場所とエアバッグと拘束システム メーカーし、ケンタッキー株式会社します。

15.時情報と信念被告ダイセル安全システム アメリカ、LLC は設計、製造、組み立て、検査、または 2006 Mazda5 でエアバッグと拘束システムをテスト (VIN: JM1CR293660126268)。

### 司法権および開催地

16 この裁判所は被告を個人的な管轄します。被告業務し不法行為を犯したとハーラン郡の他の人が行為を誘導するいるし、ハーラン郡、ケンタッキー、およびその他のアメリカ合衆国の他の人が不法行為に貢献しています。

17.会場は KRS 452.415 によりジョシュア ホルブルックの不動産の管理者として原告ビルマーティンの適切な。ビルマーティンは 2017 年 1 月 27 日にハーラン郡遺言検認地裁でケンタッキー州ハーランで管理者を任命されました。

18会場は適切な被告ハーラン郡の管轄は予告しが定期的に実施、ハーラン郡のビジネスを監督やハーラン郡で発生したここの不満の一部またはすべての行為のため。

### バック グラウンド

19 2016 年 8 月 16 日、ジョシュア ・ ホルブルック ("Josh") だった彼の 2006 Mazda5 と動作 (VIN: JM1CR293660126268)、アダム ホルブルック、彼のいとこだった右フロント シートの乗客。具体的には、彼らが約 15:00 に中央政府高速道路米国 119 マイル マーカー 1.227, ケンタッキー州ハーラン郡の近くで南作業する旅行車両は、インクライン岩壁に真正面から衝突しました。

20.衝突の速度は時速 53 63 マイルの間と推定されます。この影響には、その最終的な残りに来るまで追加の 50 から 100 フィートを旅しながら回転する車両が原因発生します。ドライバーとフロントの右の乗客のドアは、フードやフロント ガラスなどを破損していた。また、エンジンは外れになっていた、車外休むようになった。

21 事故の時に、ジョシュは的確、適正彼の安全ベルトを身に着けています。アダムはまた的確、適正が横たえられた位置に座っている間彼の安全ベルトを着用します。ジョシュの拘束システムは、彼の頭と胴体にも歪曲的なステアリング ホイール、ステアリング ホイールと大きな影響を許可できませんでした。アダムは彼の拘束のラップ部分に及んだ彼の肩の拘束の下で外に滑るし、彼の足や膝をダッシュ ボードをヒットします。アダムのエアバッグは展開していません。

22 にもかかわらず的確、適正、拘束システムを使用して、両方のジョシュとアダム持続重傷 Mazda5 車両がそれらを保護するために失敗したとき。

23.ジョシュが自動車事故の結果として死亡しました。

24.、Mazda5 の生存空間が維持されました。

25 生存空間が維持されていたので、ベルトのドライバー、または適切に構成され、機能の抑制システム、ベルト右の前部乗客に深刻な損害を生産しているに十分な大きさので、Mazda5 への影響はなかった。どちらも主なユニボディ レールは押しつぶされた大幅。

行動の原因

## すべてのカウントに共通の事実

26、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

27 被告の設計、製造、組み立て、検査、または車両とそのコンポーネントをテストします。

28 被告は、商流に 2006 Mazda5 とそのコンポーネントを配置します。彼らはそう欠陥検査なし一般大衆のメンバーが購入車両を知ることになります。

29. 被告の設計、製造、組立、ビジネスに従事していた検査および/またはテストの車およびコンポーネントは、彼らが販売する目的で、ケンタッキー、外が配布され、ケンタッキーの連邦の内で利用します。

30 被告を採用して設計プロセス、製造プロセス、および品質保証プロセス、Mazda5 と共通、通常、慣習、思慮深く、ではなかったそのコンポーネントまたはに従ってと同様、目的、または予見可能な関数のような自動車の製造元に関する確立された業界標準に。

31. 「Mazda5 の設計・製造・評価目的および/または合理的に予見可能な方法でおよび/または意図したおよび/または予見可能な条件の間にシートバック、シートベルト、エアバッグ、および拘束システムの整合性、安定性、安全性を考慮せず。

32 被告が適切なテストや Mazda5 の安全性、安定性、および目的および/または合理的に予見可能な方法でおよび/または意図したおよび/または予見可能な条件の間に整合性がもたらされる状況を決定するための検査を実行できませんでした。

33。 それは完全に予見可能な事故や事件の車両と同様の車、ここに起きたよう被告によってよく知られているされ、機会に当該車両の通常および通常の使用中に場所を取るでしょう。

34 傷害と損害賠償を訴えた本車両とそのコンポーネント合理的に衝突ではなかったし、意図が明確に予見可能な合理的にフィットされていないた

Presiding Judge: HON. KENT HENDRICKSON (626341) 21A75F95-9E79-49DB-A46F-32212725FA1A : 000030 of 000041

COM : 000009 of 000020

めに発生した事故や衝突。車両とそのコンポーネントは、適切にその居住者を抑制するため車両のシートベルトと拘束システムが失敗したため事件に関与する必要がありますイベントで不当危険でした。

35被告の設計、製造、販売、組み立て、または対象車両と危険とセクションの意味で欠陥のある不当にそのコンポーネントをテスト 402(A) 言い換え (2) 不法行為、車両とそのコンポーネントが不当に危険な設計、製造、組み立て、または被告は次の欠陥を知っていたので、テストします。

　　　a.車両シートベルトをレンダリング効果がない; 機能リクライニ
　　　　　ング席があった
　　　b.、、座席のリクライニング機能は内在する危険性、車両は動き;
　　　c.座席リクライニングの耐衝撃性の原則に違反します。
　　　d.座席リクライニング拘束システムの目的に違反します。
　　　大腸菌 リクライニング拘束システムが十分な抑制を提供でき
　　　　　るようにする機能が失敗します。および/または
　　　f.車両衝突安全性の原則に違反します。

36被告は、ジョシュ、アダムと他の人同様に相当の注意の設計・製造、を使用するに位置しています組み立て、検査、テスト、警告、および車両の維持に、テストと方法で、それが行われたため、車両を安全に使用できるので、任意の部品の検査義務を負っています。

37被告は、ジョシュとアダムは、デザイン、製造、および不良と使用するため不当に危険な車を配布するなど、一般に義務を負っています。

38被告欠陥または不当に危険な状態で商流に車両を分散することによってこれらの義務に違反しました。

<u>私を数える</u>

**厳格な責任-製造上の欠陥**

39、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

40時車両とそのコンポーネント製造され、被告らによる商取引のストリームに置かれた、あった不当目的および/または近いユーザーのなかったジョシュとアダムなど人に危険車両とそのコンポーネントがシートバック、シ

ートベルト、エアバッグ、および拘束のシステム障害が発生する可能性が高いので製造上の欠陥が含まれています。

41、Mazda5 製造エラーの結果として安全によく似た自然の合理的に予見可能な衝突または事故および/または似たような状況の下に巻き込まれたときに普通の消費者が期待を実行できませんでした。

42、Mazda5 の製造上の欠陥アダムへの傷害とジョシュに致命的な傷害し、近接の直接原因となった。

43許可または被告によって実装される、製造欠陥の結果としてアダム ホルブルックとジョシュア ホルブルックの不動産は、この裁判所の管轄の下限を超えた損害を被った。

## 数 II
### 厳格な責任-設計上の欠陥

44、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

45時、Mazda5 とそのコンポーネントが設計され、被告は、それは設計上の欠陥だったジョシュとアダム、など人に不当に危険な商流に配置した目的および/または合理的に予見可能なユーザー。

46デザインの結果として欠陥、、Mazda5 とそのコンポーネントは、安全によく似た自然の合理的に予見可能な衝突または事故および/または似たような状況の下に巻き込まれたときに普通の消費者が期待する失敗しました。

47車両とそのコンポーネントの設計に固有の危険のリスクは、デザインの利益を上回る。

48、Mazda5 の設計上の欠陥アダムへの傷害とジョシュに致命的な負傷し、近接の直接原因となった。

49許可または被告によって実装される、設計不備によりアダム ホルブルックとジョシュア ホルブルックの不動産は、この裁判所の管轄の下限を超えた損害を被った。

## 数 III

Presiding Judge: HON. KENT HENDRICKSON (626341)

21A75F95-9E79-49DB-A46F-32212725FA1A : 000032 of 000041

COM : 000011 of 000020

## 厳格な責任-不良の警告

50、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

51席のリクライニング機能、シートベルトと拘束システムは、通常の
ユーザーまたは車両の乗客によって容易に認識されないだろうシートバッ
ク、シートベルト、エアバッグ、および拘束のシステム障害の実質的なリス
クを含んだ被告によって合理的に予見可能な。

52時、Mazda5 とそのコンポーネントが設計、製造、組み立て、検査、
テストまたは被告らによる商取引のストリームに配置、、Mazda5 欠けやジョ
シュなどアダムは、目的および/または合理的に予見可能なユーザーだった人
に不当に危険な車両を表示不良の警告が含まれています。

53 これらの危険性は知られていたまたは設計の時点で一般的に認識さ
れ、現行基準に照らして被告によって知られている必要があります警告の開
発、製造、組立、検査、および/または車両とそのコンポーネントのテストし
ます。

54 被告は、適切な警告ラベルまたは電子伝達または機械的保護あるい
はその他安全機構を挿入するジョシュとアダム相当な危険と普通のユーザー
または車両の乗客によって容易に認識されないと危険性のお知らせを提供す
るために失敗しました。

55 被告の障害の結果として車両と警告ラベルと車両の他の警告システ
ムなどを含む、そのコンポーネントは、安全によく似た自然の合理的に予見
可能な衝突または事故および/または似たような状況の下に巻き込まれたとき
に普通の消費者が期待する失敗しました。

56 定める効果的な警告や、Mazda5 の欠如に固有の危険のリスクが警
告、設計、および車両の使用の利点を上回る。

57 被告の障害の結果としてジョシュとアダムが動作を変更しないで彼
ら自身に適切な保護、安全措置を買う余裕。ジョシュとアダムは、安全ベル
トを着用して自らの安全に関して合理的なケアを行使しました。

58の不足や不良の警告や、Mazda5 であった傷害アダムとジョシュに致命的な傷害し、近接の直接原因。

59不良警告システム許可または被告らによる実装では、結果としてアダム ホルブルックとジョシュア ホルブルックの不動産は、この裁判所の管轄の下限を超えた損害を被った。

### カウント IV

#### 過失-製造

60、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

61被告は、ジョシュ、アダムと同様に相当の注意を使用するに位置しています他の人に義務を負っている設計、製造、組立、検査、および/または、Mazda5 とそのコンポーネントのテスト車両は目的それが行われた方法で安全になるようにします。

62被告義務に違反したによって設計、製造、組立、検査、およびシートバック、シートベルト、エアバッグ、および拘束のシステム障害が発生する可能性がこのようないい加減な方法で、Mazda5 とそのコンポーネントのテストします。

63、Mazda5 とその構成部品の過失の製造されたアダムへの傷害とジョシュに致命的な傷害し、近接の直接原因。

64被告の過失の製造の結果としてアダム ホルブルックとジョシュア ホルブルックの不動産は、この裁判所の管轄の下限を超えた損害を被った。

### 数 V

#### 過失 - デザイン

65、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

66被告の義務を負っている原告と他の人同様に、設計で合理的な注意を使用するに位置しています製造、組立、検査、および/または、Mazda5 とそのコンポーネントのテスト車両は目的それが行われた方法で安全になるように。

Presiding Judge: HON. KENT HENDRICKSON (626341)

21A75F95-9E79-49DB-A46F-32212725FA1A : 000034 of 000041

COM : 000013 of 000020

67によって設計、製造、組立、検査、およびシートバック、シートベルト、エアバッグ、および拘束のシステム障害が発生する可能性がこのようないい加減な方法で、Mazda5 をテスト義務に違反した被告。

68、Mazda5 とその構成部品の過失のデザインされたアダムへの傷害とジョシュに致命的な傷害し、近接の直接原因。

69 被告の過失のデザインでは、結果としてアダム ホルブルックとジョシュア ホルブルックの不動産は、この裁判所の管轄の下限を超えた損害を被った。

## カウント VI
### 過失-警告

70、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

71 席のリクライニング機能、シートベルトと拘束システムは、通常のユーザーまたは車両の乗客によって容易に認識されないだろうシートバック、シートベルト、エアバッグ、および拘束のシステム障害の実質的なリスクを含んだ被告によって合理的に予見可能な。

72 被告が知っていたか、設計の時点で一般的に認識され、現行基準に照らしてこれらの危険性を知っている必要があります製造、アセンブリ、検査および、Mazda5 とそのコンポーネントのテストします。

73 被告は、ジョシュに義務を負っていると認識、および、Mazda5 とそのコンポーネントに固有の危険を察知する、アダムと他の人が同様にジョシュと、使用方法のアダムなど目的と近いユーザーに適切な警告を提供するに位置しています。

74 被告、Mazda5 とそのコンポーネントに関連付けられている危険性の適切な警告を提供するために失敗したことで義務に違反しました。

75 の不足や怠慢な警告や、Mazda5 とそのコンポーネント パーツであったアダムへの傷害とジョシュに致命的な傷害し、近接の直接原因。

21A75F95-9E79-49DB-A46F-32212725FA1A : 000035 of 000041

Presiding Judge: HON. KENT HENDRICKSON (626341)

COM : 000014 of 000020

76 の欠如・被告の過失の警告の結果としてアダム ホルブルックとジョシュア ホルブルックの不動産は、この裁判所の管轄の下限を超えた損害を被った。

## カウント VII
### 黙示保証の違反
### 適合性の

77、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

78。　　被告車両が適正条件で製造の場を離れた公共の欠陥から無料原告と一般に黙示保証します。

79 被告は黙示彼らが供給、その車両や安全メカニズムだったそのような車の使用を普通の目的に適した原告および一般に保証します。信頼でその上、ジョシュとアダムは当該車両を占領し、負傷しました。

80 被告で、適合性の黙示的な保証に違反しました。

- a.販売・レンタル・リースの場合、適正条件で当該車両はなかったそして
- b.との車両とそれのような他のすべての欠陥から自由ではなかった。

81 また、車両は、条件は、このような車両がいくつか適切な含むの必要性、適切な設計、製造、組立、検査、テスト、警告および拘束システムの不足のため使用されます通常の目的のため適さないレンダリングされます。

82 信頼でその上、ジョシュとアダム当該車両を占領し、負傷しました。

83 被告の適合性の黙示的な保証の違反の結果としてアダム ホルブルックとジョシュア ホルブルックの不動産は、この裁判所の管轄の下限を超えた損害を被った。

## カウント VIII
### 黙示 保証 の違反
### 特定目的適合性の

Presiding Judge: HON. KENT HENDRICKSON (626341)

21A75F95-9E79-49DB-A46F-32212725FA1A : 000036 of 000041

COM : 000015 of 000020

84、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

85被告で、特定目的適合性の黙示的な保証に違反しました。

    a.被告が知っていたかで自社の製品が必要です。 特定の目的を知っている理由を持っていた

    b.被告は彼らの車のバイヤーがスキルとを選択するか、適切な製品を供給する被告の判断に頼っていたことを知っている理由を持っていたそして

    c.特定の目的のため、被告によって提供される製品がフィットでした。

86また、車両は、条件は、このような車両がいくつか適切な含むの必要性、適切な設計、製造、組立、検査、テスト、警告および拘束システムの不足のため使用されます特定の目的に適さないレンダリングされます。

## カウント IX

## 個人的な傷害と不法死亡

87、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

88被告にジョシュと他の人同様に、設計で合理的な注意を使用するに位置しています製造、組み立て、義務を負っている検査、および/または、Mazda5 とそのコンポーネントのテスト車両は目的それが行われた方法で安全になるように。

Presiding Judge: HON. KENT HENDRICKSON (626341)

21A75F95-9E79-49DB-A46F-32212725FA1A : 000037 of 000041

COM : 000016 of 000020

89 さらに、被告は、ジョシュに義務を負っていると認識し、Mazda5 とそのコンポーネントに固有の危険を察知する,他の人が同様に、使用方法にジョシュとアダム、など目的と近いユーザーに適切な警告を提供するに位置しています。

90 被告が知っていたか、設計の時点で一般的に認識され、現行基準に照らしてこれらの危険性を知っている必要があります製造、アセンブリ、検査および、Mazda5 とそのコンポーネントのテストします。

91 被告設計、製造、組立、検査、およびシートバック、シートベルト、エアバッグ、および拘束のシステム障害が発生する可能性がこのようないい加減な方法で、Mazda5 とそのコンポーネントのテストによる義務に違反しました。

92 さらに、Mazda5 とそのコンポーネントに関連付けられている危険性の適切な警告を提供するために失敗したことで義務に違反した被告。

93 過失の設計、製造、および、Mazda5 とそのコンポーネントのアセンブリ されたジョシュの傷害の死につながったし、近接の直接原因。被告は彼の個人的な傷害の結果としてジョシュが被ったすべての損害の責任を負うとジョシュ、KRS 411.133 により、故人の不法な死のために責任を負う。

94 過失の設計、製造、および、Mazda5 とそのコンポーネントのアセンブリ されたアダムの傷害の死につながったし、近接の直接原因。被告は、アダムが彼の個人的な傷害の結果として被ったすべての損害の責任を負いません。

95 被告の過失と製品製造物責任法の違反、適合、と特定の目的に対する適合性の黙示的な保証されたジョシュとアダムの損害や怪我の原因と直接と近接。

## 数 X

## 懲罰的損害賠償

Filed          17-CI-00305    08/11/2017      Wendy Flanary, Harlan Circuit Clerk

96、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

97上記のカウントに従って被告の行為は悪質な、とんでもないと良心に衝撃を与えます。

98被告は、対象車両に次の問題点をよく知っていた。

> a.車両シートベルトをレンダリング効果がない; 機能リクライニング席があった
> b.、、座席のリクライニング機能は内在する危険性、車両は動き;
> c.座席リクライニングの耐衝撃性の原則に違反します。
> d.座席リクライニング拘束システムの目的に違反します。
> 大腸菌リクライニング拘束システムが十分な抑制を提供できるようにする機能が失敗します。および/または
> f.車両衝突安全性の原則に違反します。

99にもかかわらず、被告車の上記の欠陥の認識、の目的のための商業のストリームに対象車両を置か被告は自分の利益し、利益します。

100、被告けがや乗員と対象車両のまたは別の方法でオペレーターに死の危険性を無視した、リスク対象車で前述の欠陥に対処するため失敗に関連付けられているコストと経費削減から実現される利益と引き換えと仮定すると価値があった人へのリスクを計算します。

101被告は厳密に原告の損害に対する責任を、したがって、原告は、被告から懲罰的損害賠償する権利します。

102悪質、非道であり、良心に衝撃を与える行為であり、したがって、原告は、被告からの懲罰的損害賠償を権利完全に前述の欠陥を無視しておよび/またはリスクと引き換えに利益を想定して価値があった人へのリスクの計算の被告の行為。

### 損害賠償

103.、原告を繰り返すし、参照によって前述の疑惑を組み込みます。

104.行為及び被告の不作為の結果として原告ジョシュを負った重傷、物理的および感情的な痛み、苦痛、苦しみ、精神的苦痛または精神的苦痛彼の死の前に、これらの傷害は、ジョシュの不動産を通して彼の死を生き残るためです。

105.行為及び被告の不作為の結果として原告のアダムを負った重傷、物理的および感情的な痛み、苦痛、苦しみ、精神的苦痛または精神的苦痛。アダムは主要な脊椎手術し、彼の衰弱けがからの回復を続けています。彼は将来の医療費や将来のメンテナンス費用など、将来、上記のすべてに苦しむしていきます。

106行為及び被告の不作為の結果としてジョシュア ホルブルックの不動産を支払う義務となっている、合理的かつ必要な医療、葬儀の支払いを切り下げされているや埋葬費ジョシュに致命的な傷害の結果として。

107行為及び被告の不作為の結果としてアダム ホルブルックを彼の傷害の結果として合理的かつ必要な医療費を支払う義務となっています。

108上記および上記の行為や、けがや損傷の結果、被告の不作為不満のここで、実際の損害額を原告に引き起こしています。

109を支持してこの裁判所の管轄区域の限界を超過した額で原告の被告に対する判決が公正かつ合理的であると損害賠償の次の要素のすべての証拠によって決定されることとする額を言った。

(a) 過去の精神的、肉体的苦痛、苦しみ、不便。

(b) 将来の精神的、肉体的苦痛、苦しみ、不便。

(c) 労働し、収入とお金を得るために彼の能力の減損

(d) 失われた賃金;
(e) 懲罰的損害賠償
(f) 将来の医療費、過去の医療費。
(g) 判決後関心;

(h) 葬儀と埋葬費ジョシュア ホルブルック。

## 祈り

　　　ここに記載した理由から、原告は被告が表示し、答えるために、引用して、この原因の最後の審判、原告の被告に対する判決回復を祈る。

　　　　　　　a. 実際の損害賠償;

　　　　　　　　　　b. 予断と判決後興味から 2016 年 8 月 16 日;
　　　　　　　　　　c. 弁護士費用;
　　　　　　　　　　d. 訴訟の費用
　　　　　　　　　　大腸菌 懲罰的損害賠償;そして
　　　　　　　　　　f. 裁判所が適切と判断したその他のすべての救済。

原告は、陪審員については、すべての問題をしようとする陪審員の需要をさらに。


丁重に提出、


　　　　　　　　　　_/s/Matthew B. DeMarcus_____
MATTHEW B. DEMARCUS (#89814)
WOLNITZEK ・ ROWEKAMP ・ DEMARCUS、P.S.C.
502 グリーン アップ通り
コヴィントンにある、ケンタッキー 41011
　　　　　　　　　　アメリカ
　　　　　　　　　　(859) 491-4444 (携帯電話)
(859) 491-1001 (ファックス)
電子メール: mdemarcus@wrdattorneys.com
原告側の弁護士